(95 Misc. Rep. 582)

## RUSSELL v. KEMP.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

MUNICIPAL CORPORATIONS ☞705(10)—USE OF STREET—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—QUESTION OF LAW.

Irrational conduct of the driver of plaintiff's automobile, in twice giving stop signals and stopping only after the second signal, while driving 25 feet from right-hand curb in violation of traffic ordinance, *held* to be contributory negligence, precluding recovery for collision with another car coming from behind.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515, 1517; Dec. Dig. ☞705(10).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Ellen Russell against Charles B. Kemp. From a judgment for plaintiff, which also dismissed defendant's counterclaim, defendant appeals. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Frederick R. Graves, of New York City, for appellant.

Wentworth, Lowenstein & Stern, of New York City (Louis Lowenstein, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff's automobile, in charge of her son, was proceeding down the Ocean Boulevard in Brooklyn, running south and approaching Eighteenth street, which crosses the Boulevard at right angles. The car was running along about 25 feet from the right-hand curb. The son, who was plaintiff's only witness to the accident, testified that at a point about 100 feet north of Eighteenth street he put up his hand (which is the signal that he was going to stop). He then turned around and saw defendant's automobile about 150 feet beyond and about 20 feet from the curb, proceeding in the same direction, namely, to the south. When he reached the intersection of Eighteenth street, he put up his hand again, and then says that he turned around and saw defendant's automobile running along on the same line about 15 feet behind him. He then stopped, and defendant's automobile ran into the rear of plaintiff's car.

It is perfectly manifest on this record that plaintiff's son was guilty of contributory negligence. Not only did he violate every one of the traffic ordinances applicable to his case (except as to the rate of

speed), but his course was so irrational that it is difficult to understand what plaintiff can claim defendant should have done under the circumstances. Plaintiff's son testified that he had intended to turn west into Eighteenth street. Why he twice gave a stop signal, if he intended to turn, is incomprehensible. If he intended merely to stop, he violated the ordinance, which required him to do so at the curb. He also violated the ordinance which required him to keep as near the right-hand curb as possible while running along the road. This, however, under the circumstances, and at the rate of speed at which he was proceeding, was probably immaterial. More particularly, however, he violated the ordinance which requires that, in turning under these circumstances, he should keep as near as possible to the right-hand curb.

I am of opinion that, upon the facts conceded or claimed by the plaintiff, the son was plainly guilty of contributory negligence, and that no negligence can be predicated on the part of the defendant, because, in view of plaintiff's irrational course, he could formulate no sound plan for the safety either of his own or of the plaintiff's car.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.